# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 CR 08

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MICHAEL DEAN WILDE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard upon a motion filed by the defendant entitled, "Motion to Reconsider Pretrial Release" and a Memorandum filed by the United States Probation Office on June 28, 2006 requesting that a bond review hearing be scheduled for the defendant based upon the fact that the defendant had completed the Jail Based Inpatient Treatment Program. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Fredilyn Sison and that the Government was present through Assistant United States Attorney, Tom Ascik and from the evidence offered and the arguments of counsel and the records in this cause the undersigned makes the following findings:

**Findings**. In a bill of indictment filed on February 8, 2006, the defendant was charged in a four count bill of indictment. In count one, the defendant was charged with being a felon in possession of a firearm; in count two, the defendant was charged with being in possession of a firearm whose serial number had been removed, obliterated or altered; in count three, the defendant was charged with being a felon in possession of multiple firearms; and in count four, the defendant was charged with possession with intent to distribute

methamphetamine, said possession involving 50 grams or more of methamphetamine in violation of Title 21 U.S.C. § 841(a)(1). After a hearing, the undersigned did, on March 1, 2006 enter an order detaining the defendant. The undersigned incorporates herein by reference findings in the order filed on March 1, 2006.

The defendant presented evidence through the defendant's mother, Pat Goforth. Ms. Goforth testified that after the arrest of the defendant that she had moved from her home to the home of the defendant to care for the defendant's sixteen year old son. Ms. Goforth testified that she would agree to be a third-party custodian and that she would agree to supervise the defendant in accordance with terms and conditions of supervised release. The defendant also presented documentary evidence in the form of a letter from Jodi Harstrom certifying that the defendant had completed, not only the initial 90 hours of Federal Drug Program, but had attended 30 extra hours of classes. A further exhibit was introduced into evidence, that being the McLeod Addictive Disease Center Program Discharge/Aftercare Information which showed that the defendant had completed the Jail Based Inpatient Treatment Program.

The undersigned has reviewed all of the evidence, including the United States Pretrial Services Report and has again reviewed and reconsidered all findings as set forth in the Detention Order entered on March 1, 2006. After reviewing the Pretrial Services Report and the findings set forth in the March 1, 2006 order the undersigned is of the opinion that the defendant's completion of the Jail Based Inpatient Treatment Program and the defendant's mother's willingness to act as a third-party custodian do not show a sufficient change of

circumstances whereby the defendant should be released from detention. The defendant's criminal record is extensive and shows multiple criminal offenses and acts on the part of the defendant, particularly since 1998. The defendant has been placed on probation on multiple occasions and has failed to comply with judgments of the court. He has multiple felony convictions and despite that fact that he has been charged on multiple occasions with possession of firearms. At the time of his arrest on the federal bill of indictment, he was found to be in possession of firearms or ammunition. In the order entered on March 1, 2006 the undersigned found as follows:

> "The extensive criminal record of the defendant and his continued violation of the criminal laws, particularly regarding the possession of firearms and controlled substances and doing so while on supervised probation, leads the undersigned to the conclusion that the continued release of this defendant creates a danger to any person or the community that would be posed by his release. Indeed, it is the conclusion of the undersigned that it is necessary to detain the defendant to protect the citizens of Madison County from additional crimes that this defendant would commit if he was released. The undersigned is convinced that if he released the defendant on terms and conditions of pretrial release that the defendant would violate those terms and conditions."

The United States Probation Office requested that the undersigned reconsider the issue of release of the defendant, but recommended that the defendant not be released based upon his extensive criminal history. The undersigned agrees with that recommendation.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the defendant's motion entitled, "Motion to Reconsider Pretrial Release" is hereby **DENIED** and it is **ORDERED** that the defendant continue to be detained pending further orders of the court.

Signed: July 20, 2006

Dennis L. Howell
United States Magistrate Judge